[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff corporation is a contractor who renovated defendants' home on Pecksland Road in Greenwich and subsequently filed a mechanic's lien for $250,000, and now seeks a foreclosure of said lien in this action.
In August of 1989, the court, Landau, J., denied defendants' motion for summary judgment.[1] me motion was based on the claim that the plaintiff violated our Home Improvement Act, General Statutes 20-418
et seq. because it had not registered as a home improvement contractor. Section 20-427(b)(5) prohibits making any home improvements without having a "current certificate of registration." There was no question that the plaintiff did not possess such a certificate at the time it worked on defendants' home, or that it was not a contractor performing home improvements.
Just about a month ago, well after the August 1989 denial of summary judgment, the Supreme Court decided Barrett Builders v. Miller,215 Conn. 316, 322, 576 A.2d 455 (1990), which makes it clear that a contractor cannot recover under any theory unless it is in compliance with the Home Improvement Act.[2] Since the contractor failed to comply with the Act, the motion to reargue is granted, and summary judgment may enter in favor of the defendant discharging the mechanic's lien and dismissing the actions.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-ninth day of August, 1990.
WILLIAM B. LEWIS, J.